Per curiam.

The prisoner was found guilty on an indictment for robbery. Two questions are presented by the record; First, is an indictment defective because the name of the prosecutor is not indorsed on it, according to the directions of the statute? and, second, can such indorsement be made after verdict, and pending a motion in arrest ofjudgment ?
The first question is settled by the decision of this court in ,two cases: Cody v. The State, 3 How. 27; Peter, a slave, v. The State, Ib. 433. In both of these cases the indictment was held to be defective, but the persons were remanded for further proceedings.
The second question is certainly clear. If an indictment be defective because the name of the prosecutor is not indorsed, it is too late to remedy the defect by amendment after trial. The law of amendments does not apply to criminal cases. The reason on which this statute is said to be founded would seem to require that this indorsement should be made before the indictment goes to the grand jury. It seems to constitute part of the duty of the district attorney in preparing the indictment.
Judgment reversed, and cause remanded to the circuit court for a new indictment.